**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| YOPIMA, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>NEUTRON HOLDINGS, INC., D/B/A LIME,<br><br>       Defendant. | Civil Action No. 7:25-cv-00386-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

## LIME'S ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant Neutron Holdings, Inc., d/b/a Lime ("Lime"), by and through its undersigned counsel, hereby responds to the Original Complaint for Patent Infringement ("Complaint") filed by Yopima LLC ("Yopima"). For the sake of convenience, Lime incorporates the headings appearing in the Complaint. Lime does not admit any allegation made in, or inference suggested by, such headings, and specifically denies the same. Lime denies all allegations in the Complaint that are not expressly admitted below.

### THE PARTIES

1.      Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies same.

2.      Lime admits that Neutron Holdings, Inc. is a corporation organized under the laws of Delaware, with a principal place of business in California. Lime further admits that Neutron Holdings, Inc. is registered to do business in Texas and has appointed CCS Global Solutions, Inc., located at 3610-2 North Josey Lane, Suite 223, Carrollton, Texas 75007, as its agent for service of

process. Lime admits that it utilizes a warehouse facility at 5910 Techni Center Dr, Austin, TX 78721. Lime denies any remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3.      Lime admits that the Complaint purports to set forth an action for patent infringement under 35 U.S.C. §§ 271, 281, 283, 284, 285; 28 U.S.C. §§ 1331, 1332, and 1338(a). Lime denies any remaining allegations in paragraph 3.

4.      For purposes of this action only, Lime admits that it is subject to this Court's personal jurisdiction. With regard to the remaining allegations of paragraph 4 against Lime, Lime denies those allegations, including that Lime has committed any acts of patent infringement, either in this District or otherwise.

5.      Lime admits that it conducts business in the State of Texas. Lime denies any remaining allegations in paragraph 5.

6.      Lime admits that it conducts business in the State of Texas. Lime denies any remaining allegations in paragraph 6.

7.      For purposes of this action only, Lime admits that it is subject to this Court's personal jurisdiction. With regard to the remaining allegations of paragraph 7 against Lime, Lime denies those allegations, including that Lime has committed any acts of patent infringement, either in this District or otherwise.

8.      Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies same.

9.      Lime admits that venue is proper in this District, but denies that the venue is convenient in this District. Lime denies any remaining allegations in paragraph 9, including that Lime has committed any acts of patent infringement, either in this District or otherwise.

**THE ASSERTED PATENTS**

10.     Lime admits that a purported copy of U.S. Patent No. 9,119,038 ("the '038 Patent") is attached to the Complaint as Exhibit A, that the face of the patent indicates that it is entitled "Systems and Methods for Comparative Geofencing," and that the face of the patent indicates that it was issued on August 25, 2015. Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 10, and therefore denies the same.

11.     Lime denies the allegations of paragraph 11.

12.     Lime denies the allegations of paragraph 12.

13.     Lime denies the allegations of paragraph 13.

14.     Lime denies the allegations of paragraph 14.

**CONDITIONS PRECEDENT**

15.     Lime denies that Yopima has pled the statutory requirements to obtain pre-suit damages. Lime denies that all conditions precedent to recovery are met. Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 15, and therefore denies same.

16.     Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies same.

17.     Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies same.

18.     The allegations in paragraph 18 are legal assertions to which no response is required. To the extent paragraph 18 is deemed to contain factual allegations to which a response

3

is required, Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore denies same.

19.     Lime denies that any alleged licenses were "the end of litigation between the defendant entity and Plaintiff" or "were entered into to terminate litigation and prevent future litigation," as, based on publicly available docket information, no patent infringement suits filed by Yopima regarding the '038 Patent settled prior to the filing of this Complaint. Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 19, and therefore denies same.

20.     Lime denies that any alleged licenses were "negotiated in the face of continued litigation," as, based on publicly available docket information, no patent infringement suits filed by Yopima regarding the '038 Patent settled prior to the filing of this Complaint. Lime is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 20, and therefore denies same.

## JURY DEMAND

21.     This paragraph contains a demand for jury trial to which no response is required. Lime also demands a trial by jury.

## PRAYER FOR RELIEF

Lime specifically denies any and all factual assertions contained in the prayer for relief and further denies that Yopima is entitled to any relief sought in its prayer for relief.

## DEFENSES

Lime incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without reducing Yopima's burden on any of the claims in the Complaint, Lime

states the following defenses to the claims in the Complaint. Lime reserves the right to amend its defenses and to add additional defenses, including, but not limited to, any defenses revealed during discovery.

### FIRST DEFENSE
**(Non-Infringement)**

Lime has not infringed and does not infringe, directly or indirectly, under any theory of infringement, any valid and enforceable claim of the '038 Patent.

### SECOND DEFENSE
**(Invalidity)**

Each asserted claim of the '038 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
**(No Willful Infringement or Enhanced Damages)**

Should Lime be found to infringe any valid, enforceable claim of the '038 Patent, such infringement was not willful. Yopima is therefore not entitled to enhanced damages under 35 U.S.C. § 284.

### FOURTH DEFENSE
**(Failure to State a Claim)**

Yopima's Complaint fails to state a claim on which relief can be granted and/or fails to plead factual allegations with the sufficiency and particularity required to state a plausible claim.

### FIFTH DEFENSE
**(Equitable Doctrines)**

Yopima's claims for relief are barred under the equitable doctrines of consent, waiver, estoppel, laches, and/or unclean hands.

## SIXTH DEFENSE
### (Prosecution Estoppel)

Yopima's claims are barred, in whole or in part, under the doctrine of prosecution estoppel, by admissions, representations, statements, or actions taken during the prosecution of the patent application that ultimately issued as the '038 Patent.

## SEVENTH DEFENSE
### (Not an Exceptional Case)

Lime has engaged in good faith in all activities accused of infringement in Yopima's Complaint, thereby precluding Yopima, even if it prevails, from recovering attorney fees and/or costs under 35 U.S.C. § 285.

## EIGHTH DEFENSE
### (Failure to Mark)

To the extent that Yopima, its alleged predecessors in interest to the '038 Patent, and any and all licensees of the '038 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Lime's actions allegedly infringed the '038 Patent, Lime is not liable to Yopima for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the '038 Patent.

## NINTH DEFENSE
### (Additional Defenses)

Lime reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may not exist or in the future be available based on discovery or further factual investigation in this case.

## LIME'S COUNTERCLAIMS

For its Counterclaims against Counterclaim Defendant Yopima, LLC, ("Yopima"), Counterclaim Plaintiff Neutron Holdings, Inc., d/b/a Lime ("Lime"), alleges as follows:

## THE PARTIES

1.      Lime is a corporation organized and existing under the laws of Delaware, having a principal place of business at 85 2nd Street, Suite 750, San Francisco, CA 94105.

2.      Upon information and belief, and based on Paragraph 1 of the Complaint, Yopima is a limited liability company organized in Delaware with its principal place of business located in Atlanta, Georgia.

## JURISDICTION AND VENUE

1.      Lime brings these Counterclaims under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and 271, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338.

3.      Yopima has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

4.      Based on Yopima's filing of this action and at least Lime's First and Second Defenses, an actual controversy has arisen and now exists between the parties as to whether Lime infringes U.S. Patent No. 9,119,038 (the "'038 Patent") and whether that patent is valid and enforceable.

5.    Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400 because Yopima filed its Complaint in this District, and Yopima has alleged that Lime has committed acts of infringement in this District.

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '038 Patent)**

6.    Lime incorporates by reference Paragraphs 1-5 above.

7.    Based on Yopima's filing of this action and at least Lime's First Defense, an actual controversy has arisen and now exists between the parties as to whether Lime infringes the '038 Patent.

8.    Based on information and belief, Lime does not infringe any claim of the '038 Patent, either directly or indirectly, literally or under the doctrine of equivalents. As one non-limiting example, Lime does not meet at least the limitation of "transmitting, by the portable computing device to a second computing device, an arrival notification, responsive to determining that the current location of the portable computing device is within the identified first region."

9.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Lime requests a declaration by the Court that Lime has not infringed and does not infringe any claim of the '038 Patent.

## COUNT II
**(Declaratory Judgment of Invalidity of the '038 Patent)**

10.    Lime incorporates by reference Paragraphs 1-9 above.

11.    Based on Yopima's filing of this action and at least Lime's Second Defense, an actual controversy has arisen and now exists between the parties as to whether the asserted claims of the '038 Patent are valid and enforceable.

12. The claims of the '038 Patent are invalid under one or more provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112, for reasons including lack of novelty, obviousness, indefiniteness, lack of enablement, and/or failure to meet other statutory requirements.

13. As one non-limiting example, the '038 Patent is directed to an abstract idea and does not claim any inventive concept. The '038 Patent therefore fails to comply with 35 U.S.C. § 101 and is invalid.

14. As an additional non-limiting example, the asserted claims of the '038 Patent are anticipated and/or rendered obvious by at least U.S. Patent Nos. 9,043,222B1 and 9,432,806B2.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Lime requests a declaration by the Court that all claims of the '038 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Lime respectfully requests that the Court:

A. Enter judgment in favor of Lime and against Yopima;

B. Declare that Lime has not infringed and does not infringe any valid claim of the '038 Patent;

C. Declare that the '038 Patent is invalid and/or unenforceable;

D. Dismiss the Complaint with prejudice;

E. Award Lime its costs and attorneys' fees as permitted by law;

F. Grant such other relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Lime respectfully demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all claims and issues so triable.

Dated: December 15, 2025

Respectfully submitted,

KILPATRICK TOWNSEND &
STOCKTON LLP

By: *Amanda N. Brouillette*
Amanda N. Brouillette
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Email: abrouillette@ktslaw.com
Phone: (404) 685-6775

*Attorneys for Defendant Neutron Holdings,
Inc., d/b/a Lime*

10

## PROOF OF SERVICE

I hereby certify that on December 15, 2025, a true and correct copy of the foregoing was electronically filed and served upon all attorneys of record in this case via the Court's CM/ECF system.

*Amanda N. Brouillette*
Amanda N. Brouillette